CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MICHAEL E. WOMACK,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:06-cv-00710** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CHARLES KOBER, et. al.,** | ) | **By: Hon. James C. Turk** |
| **Defendant(s).** | ) | **Senior United States District Judge** |

Plaintiff Michael E. Womack, a Virginia inmate proceeding <u>pro se</u>, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Womack makes no statement of the claims he wishes to bring against the defendants. In grievances attached to his complaint, however, he alleges that the defendants are ignoring a medical problem that he has. Upon consideration of plaintiff's submissions, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

Womack's submissions make the following representations. He has been incarcerated at the Pittsylvania County Jail ("the jail") since October 20, 2006. A jail doctor prescribed an antibiotic medication for Womack, which Womack believes was unnecessary. In the days since he took this medication, Womack has observed what he believes to be blood in his urine, especially in the mornings. He has written several grievances to the medical staff about this problem, asking to see a specialist. Medical personnel have informed him that it is normal for some men to have blood in their urine and that they will not do anything further for him while he is at the jail.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999). The subjective component is met if a prison official is "deliberately indifferent," if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment generally does not implicate the Eighth Amendment.[2] Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

---

[2]In short, the right to medical treatment is limited to that treatment which is medically necessary and does not extend to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

2

III.

Under these principles, it is clear that Womack does not have any actionable Eighth Amendment claim concerning the course of treatment he has received for his medical problems at the jail. Jail officials clearly have not ignored his medical needs. The doctor prescribed, and staff provided, the antibiotic, and staff members have responded promptly to all of Womack's written grievances about the alleged blood in his urine. He admits that the medical staff do not believe that his urine is a serious condition requiring any treatment and that they believe it to be normal. Thus, the staff have made a medical judgment that no treatment is needed. Womack's assertions of self-diagnosis--that the antibiotic was unnecessary, that it caused him to have blood in his urine, and that blood in urine indicates a need for immediate medical treatment–are speculative at best. His allegations do not suggest that any of the defendants knew Womack's condition was serious and needed treatment. Rather, his assertions express his personal disagreement with the medical staff's treatment decisions. At most, he is alleging a claim of medical negligence, which is not actionable under § 1983.[3] As he fails to allege facts demonstrating any deliberate indifference by jail staff, he fails to state any constitutional claim. Therefore, the court will dismiss the complaint, pursuant to § 1915A(b)(1) and 28 U.S.C. § 1367( c). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _16_ day of December, 2006.

_____
Senior United States District Judge

---

[3]Such claims arise, if at all, under state law. Because the court herein determines that Womack fails to state any claim actionable under § 1983, the court declines to exercise supplemental jurisdiction over any medical negligence claims under state law. See 28 U.S.C. § 1367( c).

3